# SALLIE A. YOUNG ET AL.

## v.

## SUSAN C. WITTENMYRE, ADMINISTRATRIX, ETC.

*Administration—Distribution of Ancillary Administration—Discretion —Estoppel—Resort to Real Estate to Pay Debts.*

1. The personal estate of an intestate is the primary fund for the payment of debts and, as a general rule, must be first exhausted before real estate can be made liable.

2. Where there are two administrations of a single estate, one at the place of the domicile of the testator or intestate and the other in a foreign jurisdiction, whether the courts of the latter will decree distribution of the

Young et al. v. Wittenmyre.

assets collected under the ancillary administration or remit them to the jurisdiction of the domicile, is not a question of jurisdiction but of judicial discretion, depending upon the circumstances of the particular case.

3. In the case presented, it is *held:* That the judgment of the Iowa court directing a distribution in that State was within its discretion and can not be called in question here; that the personal estate thus disposed of can not be treated in any sense as a part of the estate to which resort may be had for the payment of claims in this State; that the heirs are estopped from calling in question said distribution, they having participated in the proceedings and received their respective shares of money distributed; that by the distribution the share retained by the widow ceased to be assets of the estate; and that, in the absence of personal estate within the reach and control of the domicillary administration for the payment of claims, a resort to the real estate becomes necessary and proper.

[Opinion filed May 18, 1887.]

APPEAL from the Probate Court of Cook County; the Hon. J. C. KNICKERBOCKER, Judge, presiding.

Messrs. FILLMORE WEIGLEY and ROBERT L. LYONS, for appellants.

Decedent had a homestead here which appellee seeks to retain, and if distribution was made of the personal property, it should have been made according to the laws of Illinois, the place of domicile, and not according to the laws of Iowa. The principal administration was in this State, and the administration in Iowa was auxiliary merely.

The doctrine is that the succession to personal property is governed by the law of the actual domicile of the intestate at the time of his death, no matter what was the actual *situs* of the property at the time of his death. Russell v. Madden, 95 Ill. 485.

Administration commenced upon the assumption that deceased was a citizen of Maine and not a citizen of Ohio, must be closed upon the same assumption, and distribution must be made according to the laws of Maine and not according to the laws of Ohio. Record v. Howard, 58 Maine, 225.

It is the duty of the Probate Court, having in hand the auxiliary administration, to remit the assets within its jurisdic-

tion and not needed for debts and legacies within the State, to the principal administration for distribution, where all interest can be fully and properly represented and legal justice be done to all. Probate Court v. Kimball, 42 Vt. 320; Story's Conflict of Laws (8th Ed.), Secs. 481, 518; Fay v. Haven, 3 Met. 109; Jennison v. Hopgood, 10 Pick. 79.

Messrs. MONTGOMERY & SMITH, for appellee.

It is submitted that the order of discharge, entered January 25, 1881, by the Circuit Court of Appanoose County, is con-c'usive as to the Iowa administration, and that if any of the assets surrendered by the final report are at any time hereafter collected, appellee can be called to an account, if need be, in that administration. Jennison v. Hopgood, 10 Pick. 79, 100, cited by appellants; Clark v. Blackington, 110 Mass. 369.

The doctrine is uniform that the estate can be distributed and settled by the court having the ancillary administration. 3 Redfield on Wills, 27; Mackey v. Coxe, 18 How. 100; Carmichael v. Ray, 5 Ired. Eq. 365.

" The tribunal in which the ancillary administration is pending is not, however, bound in all cases to order the *residuum* of the estate to be transmitted to the country of the original administration." 3 Williams on Executors, 1767.

It is not conceded that in any event does the law and practice in this State require an inventory of assets situated in a foreign State.

" As administration extends only to the assets of the intestate lying within this State, it would seem to follow that such real and personal property as lies beyond the limits of this State need not be inventoried." Jones & Cunningham's Pr. 37, citing Judy v. Kelley, 11 Ill. 211.

BAILEY, J. This is an appeal from an order of the Probate Court for the sale of real estate by an administratrix for the payment of debts. On the 4th of January, 1879, William Wittenmyre, a resident of Cook County, died intestate, leaving him surviving the appellee, his widow, and Sallie C. Young and Charles A. Wittenmyre, two of the appellants, his chil-

Young et al. v. Wittenmyre.

dren and only heirs at law.   The estate of said intestate at the
time of his death consisted of certain real estate situate in said
County of Cook, and certain personal property,consisting chiefly
of a stock of merchandise, then at Appanoose County, in the
State of Iowa.   The appellee was appointed administratrix of
said estate by the Probate Court of Cook County, and after-
ward filed her inventory, showing that no personal property
had come to her hands as such administratrix except an open
account for $60, which was afterward filed in said court as a
desperate claim.   A widow's award of $2,080 was allowed by
said court, and the administratrix thereupon, after presenting
her report showing a deficiency of personal assets, filed her peti-
tion for the sale of said real estate for the payment of said
award, together with a claim of $75 proved against the estate,
and the cost of administration, estimated at $250.   During the
pendency of the proceedings, by agreement between said
widow and heirs, the widow's award was by said court reduced
and fixed at $1,500, and the cause coming on to be heard on
pleadings and proofs, the court, after charging the administra-
trix with certain moneys which had come into her hands from
various sources in this State, found the deficiency of personal
estate to be $1,030, besides interest and the costs of adminis-
tration, and ordered the sale of said real estate for the payment
of the same.

It appears that the appellee, after her appointment as admin-
istratrix by the Probate Court of Cook County, took out letters
of administration from the proper court of Appanoose County,
in the State of Iowa, and proceeded under that appointment
to administer upon the personal estate of her intestate in that
State.   The administration produced, after paying all claims
presented in that State and expenses, the sum of $2,850.09, which
sum was, under the direction of the Iowa court, distributed
to the said heirs and widow of said intestate, each receiving
the sum of $950.03.   Such final distribution, having been re-
ported to said court, was approved and the administratrix
ordered discharged.

It is urged that as sufficient personal estate came into the
hands of the appellee in the Iowa administration to pay all

claims in this State, there is no warrant for the sale of real estate for their payment. It is true that personal estate is the primary fund for the payment of debts, and, as a general rule, must be first exhausted before real estate can be made liable. Sutherland v. Harrison, 86 Ill. 363. Here, however, all the personal estate was in a foreign jurisdiction and was administered upon there, and the question is whether it was obligatory upon the courts of that jurisdiction, and of the administratrix acting under their direction, to remit the surplus remaining in that jurisdiction to this State for the payment of debts here, instead, on completing the administration, by paying the money over to the distributees of the estate.

The rule to be derived from the authorities seems to be, that where there are two administrations of a single estate, one in the place of the domicile of the testator or intestate, and the other in a foreign jurisdiction, whether the courts of the latter will decree distribution of the assets collected under the ancillary administration or remit them to the jurisdiction of the domicile, is not a question of jurisdiction but of judicial discretion, depending upon the circumstances of the particular case. Harvey v. Richards, 1 Mason, 380; Despart v. Churchill, 53 N. Y. 192; Parsons v. Lyman, 20 N. Y. 103; In re Hughes, 95 N. Y. 55; Wright v. Phillips, 56 Ala. 69; U. S. v. Cox, 18 How. 100; Carmichael v. Ray, 5 Ired. Eq. 365; 3 Redfield on Wills, 27. This is of course subject to the rule that personal property, wherever administered upon, is distributable according to the law of the decedent's domicile, but this qualification is unimportant in the present case, since the distribution made by the Iowa court was in accordance with our laws.

Under the rule above stated, it was a matter wholly dependent upon the discretion of the Iowa court whether the money remaining in the hands of the administratrix after the satisfaction of all claims in that State, should be distributed under its direction and control, or be remitted to this State for distribution here. That court saw fit in the exercise of its discretion to direct a distribution there, and its judgment to that effect is conclusive and can not be called in question

here.   The personal estate thus disposed of must be regarded as having been lawfully administered upon and distributed, and it therefore can not be treated in any sense as a part of the estate to which resort may be had for the payment of claims in this State.   There being then no personal estate within the reach or control of the domicillary administration for the payment of claims, a resort to the real estate for that purpose becomes necessary and proper.

But there is another reason why the appellants can not be permitted to call in question the distribution by the Iowa court.   Not only were they present by their counsel taking part in the proceedings, but they received and still hold their respective shares of the money distributed.   By the plainest principles of equity and natural justice they should be estopped to call in question the propriety of the proceedings by which said distribution was made to them.   They can not be permitted to attack a judgment and partake of its fruits at the same time.   Nor can they hold and enjoy their shares and at the same time insist that the share retained by the appellee as a widow of the intestate, should still be treated as personal assets in her hands subject to the payment of claims.   By the distribution the share retained by the widow ceased to be assets of the estate and became hers in her own right, and she can no longer be called upon to account for it.

Some complaint is made by both the appellants and the appellee as to various of the rulings of the court below in stating the account of the administratrix for the purpose of arriving at the deficiency of personal assets.   As to many of these items the evidence is conflicting and in some respects unsatisfactory, but we find no grounds for dissenting from the conclusion reached by the court below.   It will be of no avail for us to analyze the evidence in detail, and we therefore content ourselves with saying, in relation to these as well as various other points raised in the arguments of counsel, that we find no error in the record.   The decree will, therefore, be affirmed.

*Decree affirmed.*