## Edwin E. Pearce and Anna Pearce Carrick, Appellants, v. H. M. Walker, Appellee.

1. STIPULATIONS—*as to scope of issues and evidence.* The trial court may disregard the state of the pleadings and consider that all the facts are before it and may administer any remedy within its jurisdiction which such facts show a party to be entitled to where the parties have stipulated the facts in the controversy "all of which shall be regarded and held by the court as having been duly established and proved, and as being properly admissible under the declaration and plea filed therein, * * * and that the court shall determine from and upon the above and foregoing stipulations whether or not the defendant is liable to the plaintiffs in said cause, and, if so, for what amount, and * * * render judgment accordingly," and that defendant might introduce in support of his plea of the general issue any evidence material and competent, to the same extent and with the same force and effect as though the

matters of defense shown thereby had been specifically pleaded and that plaintiffs might interpose any legal, material and competent evidence in controversion.

2. ESTATES OF DECEDENTS—*what constitutes contingent claim against estate.* A claim by remaindermen who have paid a mortgage indebtedness against realty of the estate of their testator is contingent and not within the statute of limitations (Cahill's Ill. St. ch. 3, ¶ 71,) where their testator devised the land in question to his widow with remainder to them and bequeathed all personalty to the widow, it being sufficient to pay all debts, that she died shortly after his death without having administered his estate or received any of the personalty by way of distribution, that all personalty passed to her heirs, that no claim was ever filed against either his or her estate by the mortgagee or any other person, and that they had no knowledge of the mortgage indebtedness until after the expiration of the period of claim and were then compelled to pay it to avoid foreclosure, and they are entitled to have the amount refunded by her heirs although they filed no claim against either estate, where they have not been guilty of laches.

3. STIPULATIONS—*power of court to award relief pursuant to agreement of parties.* In assumpsit upon the common counts by remaindermen to recover the amount of a mortgage indebtedness paid by them on the realty after the death of the life tenant, who was also sole devisee of the personalty, from the sole heir of the life tenant, the remaindermen are entitled to judgment for the amount in question regardless of the state of the pleadings where the parties have stipulated the facts, and that the circuit court shall determine therefrom and from the stipulations whether or not defendant is liable to plaintiffs and render judgment accordingly.

Appeal by plaintiffs from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1922. Reversed and judgment here. Opinion filed January 17, 1923. Rehearing denied April 3, 1923. *Certiorari* denied by Supreme Court (making opinion final).

W. K. BRACKEN, for appellants.

WILLIAM R. BACH, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a judgment in bar and for cost in favor of appellee against appellants. The dec-

laration consisted of the common counts in assumpsit, to which the general issue was pleaded. No further pleadings were filed and the cause was tried before this court, upon an agreed statement of facts, without the intervention of a jury.

It was stipulated by the parties that upon the trial of the cause the defendant might, under the plea of general issue, introduce in defense of said cause of action and in support of said plea, any and all matters of evidence which would or might be material and competent under the law for that purpose, to the same extent and with the same force and effect as though such matters of defense, or any or either of them, had been specifically pleaded in due and legal form. And to meet and controvert all defenses which may be properly interposed thereto, the plaintiff might interpose any and all legal, material and competent evidence tending to that end.

The facts as stipulated were that Charles C. Pearce departed this life at his home in the City of Bloomington, in the County of McLean, Illinois, on the 4th day of April, A. D. 1919, testate, and that his will was duly probated; that by the terms of his will he gave to his wife, Hattie W. Pearce, a life estate in a quarter section of land in Ford county, Illinois, with remainder to his brother, Edwin E. Pearce, and sister, Anna Pearce Carrick, appellants herein, and also that he gave to his said wife all of his personal property and all other real estate owned by him, absolutely; that Pearce owned said quarter section at the time of his death subject to a mortgage, hereinafter described, to the Corn Belt Bank of Bloomington; that at the time of his death Pearce owned other real property in the States of Illinois and Kentucky; that he also owned at the time of his death personal property amounting to more than $35,000; that Pearce's only heirs were his said widow and his said brother and sister, appellants herein; that said widow died intestate June 6,

1919, without having done anything in the way of administering upon the estate of her deceased husband, and without having received by way of distribution, or otherwise, any part of the personal assets belonging to his estate; that said widow's sole and only heir at law is her half brother, H. M. Walker, appellee herein; that administration was had upon the widow's estate and that the administrator of said estate filed his final report and received his discharge September 27, 1920; that said Charles C. Pearce and his wife, Hattie W. Pearce, on the 11th day of July, 1917, borrowed from the Corn Belt Bank of Bloomington, Illinois, the sum of $18,000, which was deposited to the personal account of said Pearce, and by him checked out, for which said amount said Pearce and his wife on said date executed to the order of said bank their joint and several promissory note for the sum of $18,000, due July 11, 1920, with 5 per cent interest payable semiannually; that the aforesaid note was secured by a mortgage executed by said Pearce and wife to said bank, covering and conveying said quarter section of Ford county land, which said mortgage was duly executed and acknowledged by the said parties and recorded in the recorder's office of Ford county on July 13, 1917; that prior to the date of the death of said Charles C. Pearce, payments had been made upon the principal of said note prior to the date of Pearce's death, leaving $1,625 as the amount of unpaid principal upon said note, with interest thereon from March 7, 1919, for which no claim was ever filed by any person against either of said estates; that the administrator of the wife's estate received $35,000 from the husband's estate which, less costs of administration, passed to and vested in appellee as sole heir at law of said wife; that appellants had no knowledge of said note and mortgage, or that any part thereof remained unpaid, until after both estates had been administered and administrator of both had received his discharge;

that upon being informed of said unpaid balance, and accrued interest thereon, appellants made demand upon appellee to pay same, which he refused to do; that the bank notified appellants that unless said balance and interest were paid forthwith, suit to foreclose said mortgage would be instituted at the next ensuing term of court, whereupon appellants informed the appellee of said bank's notification and made a second demand upon him to pay said balance and interest due on said note, which he again refused and still refuses to do; that in order to prevent the foreclosure of said mortgage, appellants did, on March 1, 1921, pay to said bank $1,851.83, being the amount of said balance and interest thereon, whereupon said bank duly released said mortgage.

It is contended by appellee that no recovery could be had in assumpsit upon the common counts. Whether or not a determination of this question is material depends upon the construction to be placed upon the stipulation. It provided: "For the purpose of saving expense and expediting trial of the above entitled cause, parties thereto hereby stipulate the following facts, all of which shall be regarded and held by the court as having been duly established and proved, and as being properly admissible under the declaration and plea filed therein, either party to have the opportunity to object to the competency, relevancy or materiality of any such agreed and stipulated facts." No such objection was made to any of such facts. It also contained the following provision: "That the court shall determine from and upon the above and foregoing stipulations whether or not the defendant is liable to the plaintiffs in said cause, and if so, for what amount, and that the court shall render judgment accordingly."

In construing a stipulation the main object to be sought is the intention of the parties and this is to be attained by applying well-known rules of construc-

tion, one of which is that all the provisions of the instrument are to be considered together with the circumstances surrounding the parties and the object sought to be attained by the making of the instrument.

It is evident from a consideration of the entire stipulation that it was not the intention of the parties that the pleadings in the case were to be at all considered but that all the facts were to be laid before the court for its consideration for a final adjudication of the rights and interests of the parties and that if upon such facts appellants had any remedy against appellee within the jurisdiction of the circuit court, that remedy might be had in the suit then pending regardless of any formality.

It is contended by appellee that appellants' claim not having been filed against either estate within one year after the issuance of letters of administration, it is barred by the statute of limitations. Appellants' claim is to be distinguished from that of the bank. Appellants' claim remained contingent during the entire time fixed by statute for the presentation of claims against either estate, and the law is that the limitation fixed by statute for presenting claims against an estate does not extend to action against the heirs, devisees or legatees to subject property of the estate received by them to the payment of claims which were contingent during the whole period for presenting them against the estate and that such creditors if not guilty of laches may pursue the assets of the estate into the hands of the distributees when distribution has been made without payments of their claims. *Union Trust Co. v. Shoemaker*, 258 Ill. 565.

The indebtedness secured by the mortgage was an indebtedness for the payment of which the personal estate of both decedents and not the mortgaged real estate was the primary fund. *Watts v. Killian*, 300 Ill. 242.

Appellee, as sole heir at law of the widow, received

all of the personal estate of both estates after paying the costs of administration. Under the law this personal estate should have been devoted to the payment of the mortgage indebtedness in question.

Appellants were compelled to pay this indebtedness to save the real estate from sale under the mortgage. They, therefore, not having been guilty of laches under the settled law of this State, had a clear right to follow the assets of deceased into appellee's hands as a trust fund for the payment of appellants' claim, as appellee was only entitled, under the law, to the surplus of assets after all decedent's debts were paid. *Sutherland v. Harrison,* 86 Ill. 363; *Union Trust Co. v. Shoemaker, supra.*

The circuit court of McLean county had jurisdiction of a suit to compel appellee to refund to appellants the amount of their claim and under the stipulation in this case should have decreed that appellee pay to appellants the amount of their claim.

The facts in the case and the amount of the indebtedness being fixed by the stipulation, the judgment of the circuit court is reversed and judgment is entered in this court for $2,045.15 damages and costs.

*Reversed and judgment here.*