BROWN v. CUMBERLAND TELEPHONE & TELEGRAPH CO.

(Circuit Court, W. D. Tennessee, W. D.   January 29, 1909.)

No. 3,932.

1. COURTS (§ 347*)—PROCEDURE IN FEDERAL COURTS—CONFORMITY STATUTE.
    The federal conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) applies especially to the form and order of pleading, which in actions at law must conform to the requirements of the state statutes and practice.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*
    Conformity of practice in common law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Ins. Co. v. Hall, 27 C. C. A. 392.]

2. PLEADING (§ 201*)—DEMURRER—SUFFICIENCY IN FORM.
    Under Shannon's Code Tenn. § 4655, providing that "all demurrers shall state the objection relied on" a general demurrer to a pleading as "insufficient in law," is defective in form and insufficient.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 473-479; Dec. Dig. § 201.*]

3. LIMITATION OF ACTIONS (§ 35*)—ACTION FOR PENALTY—TENNESSEE STATUTE.
    An action against a telephone company under Acts Tenn. 1885, c. 66, § 11, to recover the penalty imposed thereby of $100 per day for discriminating against an applicant for telephone service, is one to recover a "statutory penalty" required by Shannon's Code Tenn. § 4469, to be brought within one year after the cause of action accrued.
    [Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 35.*]

Action by Roscoe G. Brown against the Cumberland Telephone & Telegraph Company. On demurrer to plea. Overruled.

This is a suit brought by the plaintiff to recover as damages a penalty of $100 a day from the defendant telephone company for an alleged discrimination in failing and refusing to install a telephone in the plaintiff's residence, in violation of Acts Tenn. 1885, p. 122, c. 66, § 11, which provides as follows: "Every telephone company doing business within this state, and engaged in a general telephone business, shall supply all applicants for telephone connection and facilities without discrimination or partiality, provided such applicants comply or offer to comply with the reasonable regulations of the company and no such company shall impose any condition or restriction upon any such applicant that are not imposed impartially upon all persons or companies in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

like situations, nor such company discriminate against any individual or company engaged in lawful business by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant or otherwise, under penalty of one hundred dollars for each day such company continues such discrimination and refuses such facilities after compliance or offer to comply with the reasonable regulations, and time to furnish the same has elapsed, to be recovered by the applicant whose application is so neglected or refused." The defendant pleaded, among other defenses, that the alleged right of action for the injuries set forth in the declaration accrued more than one year prior to the commencement of the action, and was barred by the statute of limitations. The plaintiff demurred to this plea of the statute of limitations, "for the reason that the same is insufficient in law."

Bell, Terry, Anderson & Bell, for plaintiff.
Wright & Wright, for defendant.

SANFORD, District Judge. I am of the opinion that the demurrer to the plea of the statute of limitations should be overruled for the following reasons:

1. This is a general demurrer, based solely upon the ground that the plea "is insufficient in law," and is therefore defective in form under section 2934 of the Tennessee Code (Shannon, 4655), which provides that "all demurrers shall state the objection relied on," and the requirement of the federal conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) that:

"The practice, pleadings and forms and modes of proceedings in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceedings existing at the time in like causes in the courts of record of the state within which such Circuit and District Courts are held."

Under this act, the Circuit Courts of the United States follow the practice of the courts of the state in regard to the form and order of pleading. Southern Pac. Co. v. Denton, 146 U. S. 202–209, 13 Sup. Ct. 44, 36 L. Ed. 942.

In 1 Rose's Code of Federal Procedure, § 903, p. 844, it is said that:

"The conformity requirement of Rev. St. § 914 [U. S. Comp. St. 1901, p. 684] applies with special force to the forms and modes of pleadings, and uniformity in that respect was one of the chief objects of the enactment of the present law."

In construing the federal conformity statute it has been held that it applies to the pleadings in common-law cases and includes the form and order of pleading, and such matters, for example, as the scope of a general demurrer, the necessity of specially averring the defense of contributory negligence, and the like. 1 Rose's Code, § 903a, p. 845, and cases cited. Clearly, it includes conformity to the state statute in reference to the form of the demurrer. And as the demurrer in question does not state the objection relied on as required by the state statute, as construed in many decisions of the Supreme Court of Tennessee holding that under this statute general demurrers for substance are abolished and the demurrer for substance must be special (Shannon's Code of Tennessee, 4659, note 3, and cases cited), it follows that the demurrer is likewise defective in form under the requirements of the federal conformity statute, and should be for that reason overruled.

2. The demurrer is likewise defective in substance. Under the declaration plaintiff sues to recover the sum of $100 a day as a penalty provided by the Tennessee statute for an alleged discrimination on the part of the defendant in refusing to furnish plaintiff a telephone. The plea of the statute of limitations, which is in proper form, avers that the alleged right of action "accrued more than one year prior to the commencement of this action," and pleads in bar the statute of limitations. The demurrer to this plea, as above stated, merely sets forth that it is "insufficient in law." No brief has been filed in support of this demurrer, and opposing counsel and the court are left to surmise the real ground of the objection. Apparently the demurrer proceeds upon the idea that the statute of limitations of one year does not apply to a suit of this character. I think it clear, however, that the plea is good under section 2772 of the Tennessee Code (Shannon's, § 4469), providing that actions for libel, etc., "and statutory penalties" shall be brought "within one year after cause of action accrued," and that this suit, which, under the express terms of the declaration, is brought "to recover of the defendant the sum of $100.00 per day as a penalty provided by said statutes," comes within the aforesaid statute of limitations, especially in view of the language used by the Supreme Court of Tennessee in Woodward v. Alston, 12 Heisk, 581, 585, in which it was said:

"The statutory penalty may be defined as a penalty fixed by statute as a punishment for violation of some provision of law. Bouvier, Law Dict. * * * The penalties are recovered by a proceeding in the nature of a civil action, and differs in this from a criminal prosecution."

It follows that both for defects in form and in substance the demurrer should be overruled.

An order will be entered accordingly.