**RANDOLPH et al. v. CRAIG, Internal Revenue Collector.**

(District Court, M. D. Tennessee, Nashville Division. February 23, 1920.)

No. 1261.

1. **Courts** ⟨⟩347—**General demurrer insufficient under state law insufficient in action at law in federal court.**

Under the federal conformity statute (Rev. St. § 914 [Comp. St. § 1537]), general grounds of demurrer, insufficient under Shannon's Code Tenn. § 4655, are insufficient in action at law in federal court.

2. **Internal revenue** ⟨⟩8—**Inheritance tax is tax, not upon property, but upon succession.**

The estate tax imposed by Act Sept. 8, 1916, § 200 et seq. (Comp. St § 6336½a, et seq.), is not a tax on the decedent's property, but is on transfer or transmission by will or descent from the decedent, being in effect a tax on the succession from the decedent.

3. **Courts** ☞363, 365—**State statutes and decisions controlling as to taxability under federal Inheritance Tax Law.**

In determining taxability of widow's interest in her husband's estate under Inheritance Tax Law, § 200 et seq. (Comp. St. § 6336½a, et seq.), the statutes and rules of decision in the states where the decedent's property is located control.

4. **Internal revenue** ☞8—**Widow's dower, homestead, and year's support not taxable; "charges against estate."**

Since, in Tennessee and Arkansas, a widow does not receive either her homestead, dower, or year's support in succession to her deceased husband, or by transfer from him, but rather under the statutory provisions vesting these rights in her independently of her husband and adversely to his estate, the property assigned to her in those states as dower, homestead, and year's support, not being transferred to her from him, is not a part of his estate on which the tax is imposed by the Federal Estate Tax Law, § 200 et seq. (Comp. St. § 6336½a, et seq.), and, in any event, if her dower, homestead, and year's support should be deemed part of the decedent's gross estate, within the meaning of the estate tax, they would be deductible from the value of the gross estate, under section 203, cl. a(1), being Comp. St. § 6336½d, as "charges against the estate  *  *  * allowed by the law of the jurisdiction  *  *  * under which the estate is being administered."

5. **Internal revenue** ☞8—**Widow's support deductible; "charge against estate."**

Where, by the law of the state under which an estate is being administered, the widow's right to a year's support is not conditioned upon actual dependency, such support is deductible as a "charge against the estate," under Federal Estate Tax Law, § 203, cl. a (1), being Comp. St. § 6336½d, without showing actual dependency.

At Law. Action by George Randolph and others against E. B. Craig, Collector of Internal Revenue. On demurrer to declaration. Demurrer overruled.

Action by the executors and trustees under the will of Wm. M. Randolph, deceased, at the time of his death a citizen and resident of Tennessee, and by his widow, against the Collector of Internal Revenue for the District of Tennessee, to recover a portion of the tax assessed upon the estate of the decedent under the Act of September 8, 1916, c. 463, 39 Stat. 756, which had been paid the Collector under protest; namely, that portion of the tax based upon the value of the gross estate of the decedent without deduction for the value of the widow's homestead in Tennessee, her dower interest in lands in Tennessee and Arkansas, and her year's support out of Tennessee personalty. On demurrer to the declaration. Demurrer overruled.

Randolph & Randolph, of Memphis, Tenn., for plaintiffs.

Lee Douglas, U. S. Atty., and B. H. Littleton, Asst. U. S. Atty., both of Nashville, Tenn., for defendant.

SANFORD, District Judge. After careful consideration, my conclusions, briefly stated, are:

[1] 1. The first, second and third grounds of demurrer, being general, are, under section 2934 of the Tennessee Code (Shan. 4655), and the Federal Conformity Statute, R. S. 914 (Comp. St. § 1537), insufficient in law. Brown v. Telephone Co. (C. C.) 181 Fed. 246, 247. They must hence be overruled.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. The fourth, fifth and sixth grounds of demurrer are special. Neither of them challenges the widow's right in law to the setting aside of dower and homestead, but the fifth specifically challenges her right to the allowance of a year's support. The fourth ground specifically raises the defense that the widow's dower and homestead interest is to be included in determining the estate of the decedent which is subject to the estate tax; and the sixth ground raises this defense, in another form, both as to the dower and homestead and as to the year's support.

3. Under the Federal Tax Law, Act Sept. 8, 1916, c. 463, sec. 200 et seq., 39 Stat. 777 et seq., U. S. Comp. Stat. sec. 6336½a et seq., an estate tax is "imposed upon the transfer of the net estate of every decedent" (sec. 201). The pertinent provisions are:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * * wherever situated: (a) To the extent of any interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expense of its administration and is subject to distribution as part of his estate" (sec. 202) ; and "That for the purpose of the tax value of the net estate shall be determined—(a) In the case of a resident, by deducting from the value of the gross estate—(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, * * * support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction * * * under which the estate is being administered" (Sec. 203).

[2, 3] 4. The estate tax thus imposed is clearly not a tax on the property of the decedent, but upon its transfer or transmission by will or descent from the decedent, being in effect a tax on the succession from the decedent. See United States v. Perkins, 163 U. S. 625, 629, 16 Sup. Ct. 1073, 41 L. Ed. 287; Magoun v. Illinois Co., 170 U. S. 283, 288, 18 Sup. Ct. 594, 42 L. Ed. 1037; Knowlton v. Moore, 178 U. S. 41, 54, 20 Sup. Ct. 747, 44 L. Ed. 969; Crenshaw v. Moore, 124 Tenn. 528, 531, 137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann. Cas. 1913A, 165. That is, as said in Lederer v. Northern Trust Co. (C. C. A. 3d Circ.) 262 Fed. 52, 54, affirming Northern Trust Co. v. Lederer (D. C.) 257 Fed. 812, the tax "is imposed not upon the interest of the recent owner * * * but upon the transfer of the interest in its devolution." This made clear by the express provisions of the act that the tax is imposed "upon the *transfer* of the net estate of every decedent" (sec. 201) and that the value of the gross estate is to be determined by "the extent of the interest therein of the decedent * * * which * * * is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate" (sec. 202). In other words, the underlying principle is that in the first instance the interest subject to the tax is only that which is subject to charges against the estate of the decedent and is transferred from him to others at his death by will or descent. The crucial question then is whether upon the husband's death the widow is entitled to homestead, dower and a year's support by transfer from her husband's estate and in succession to him, or whether her right to

these interests is vested in her by operation of law independently of her husband and not transmitted to her through him. On this question the statutes and rules of decision in Tennessee and Arkansas where the decedent's property is located are controlling. De Vaughn v. Hutchinson, 165 U. S. 566, 570, 17 Sup. Ct. 461, 41 L. Ed. 827.

It is settled in Tennessee that a widow's right to dower is not a succession to the title of her husband upon his death; that she does not succeed in her dower to her husband's title, but derives it by the marriage and her right as wife, to be consummated in severalty to her upon her husband's death; and that she takes it adversely to the inheritance from the husband. Crenshaw v. Moore, 124 Tenn., supra, at page 534, 535, 137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann. Cas. 1913A, 165, supra; Kitts v. Kitts, 136 Tenn. 314, 319, 189 S. W. 375. This is likewise the law in Arkansas. McDaniel v. Byrkett, 120 Ark. 295, 299, 179 S. W. 491, citing and approving Crenshaw v. Moore, supra. A fortiori this is true as to the widow's homestead in Tennessee, which is likewise not a purchase from her husband, but an incumbrance upon the title of the heir at law originating with the marriage and consummated by the husband's death. Kitts v. Kitts, 136 Tenn., supra. And so in Tennessee the widow does not succeed to her husband's title to the property set apart as a year's support, but acquires it adversely to his administrator by virtue of the statute conferring the right. Crenshaw v. Moore, 124 Tenn. at page 531, 137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann. Cas. 1913A, 165, supra. It results that as the widow does not receive either her homestead, dower or year's support in succession to her husband or by transfer from him, but takes them under the statutory provisions vesting these rights in her independently of her husband and adversely to his estate, the property assigned to her as dower, homestead and year's support, not being transferred to her from her husband, is not a part of his estate upon which the tax is imposed by the Federal Estate Tax.

Furthermore, if her dower, homestead and year's support should be deemed part of the decedent's gross estate, within the meaning of the estate tax, it seems that they would be in any event charges against the estate allowed by the laws of the jurisdictions under which the estate is being administered, and hence in any event to be deducted from the value of the gross estate under the express provisions of clause a (1) of section 203 of the Act.

[5] As to the question raised by the fifth ground of the demurrer, whether on the face of the declaration the widow is entitled to a year's support, it is doubtful, in the first instance, whether the recitals as to her other property in the testator's will are conclusive upon her. But even if this were so, the result would be the same. While it would apparently be true that in so far as the Federal Estate Tax itself is concerned, she would not be entitled to support during the administration of the estate—whatever the period—unless dependent upon the decedent, under the terms of clause a (1) of section 203, nevertheless her claim for a year's support should in any event be deducted as a charge against the estate allowed by the laws of Tennessee; there being nothing in the Tennessee statutes or decisions in reference to a year's support which

limits the widow's right to a year's support to cases of actual dependency upon the decedent. The fourth, fifth and sixth grounds of the demurrer are hence not well taken, and must likewise be overruled.

5. An order will accordingly be entered overruling the entire demurrer.