GLEN C. WHORTON, ET AL., EXECUTORS, ESTATE OF F. P. KIRKEN-DALL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3094. Promulgated July 29, 1927.

1. *Held:* That the evidence sustains petitioner's valuation of real estate as made on estate-tax returns.
2. The decedent, a resident of Nebraska, owned real estate in South Dakota. *Held:* That his wife had no dower interest therein.

*John L. Chew, Esq.,* for the petitioners.
*L. C. Mitchell, Esq.,* for the respondent.

In this proceeding the petitioner seeks a redetermination of estate tax for which the Commissioner has determined a deficiency in the amount of $271.91.

The pleadings present two issues. First, the value of certain property situated in South Dakota, owned by the decedent at the time of his death. Second, the right of the petitioner to have ex-

cluded from the value of the gross estate, the value of an alleged dower interest in such property.

### FINDINGS OF FACT.

The petitioner is the executor of the Estate of F. P. Kirkendall, a former resident of Douglas County, Nebraska, who died testate on September 29, 1922. In 1906, the decedent acquired 3,365 acres of unimproved land in Tripp, Mellette, and Todd counties in the State of South Dakota, which he still owned at the time of his death. The Commissioner determined the value of the land to be $14.13 per acre. The land was worth $7.50 per acre on the date of his death.

### OPINION.

GREEN: The petitioner contends, first, that the value placed on 3,365 acres of land situated in Tripp, Mellette, and Todd counties, South Dakota, by the Commissioner, is excessive. The Board has found the value of the land to be $7.50. The petitioner further contends that the widow's interest in the land in South Dakota was not includable in the gross estate of the decedent because by the law of the State of Nebraska, the place of his residence, the interest of the surviving spouse in the lands does not come as a distributive share of the estate but by absolute operation of law, resulting in a vested interest prior to the death of the decedent.

Section 402 of the Revenue Act of 1921 provides:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*        \*        \*        \*        \*        \*        \*

(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy.

The Board at this time will not attempt to pass on the situation as to the rights of the widow in the State of Nebraska.

The law is well established that in determining the taxability of the widow's interest in her husband's estate, the statutes and rules of decisions in the States where the decedent's property is located, control. *Randolph* v. *Craig*, 267 Fed. 993. The real estate in controversy is situated in South Dakota. In that State, dower and curtesy have been abolished by statute, section 702, South Dakota Revised Code, 1919. No estate is allowed the husband as tenant by curtesy upon the death of his wife, nor any estate in dower allotted to the wife upon the death of her husband, section 175 *ibid.* The husband has a right to dispose of by will, every estate and interest in real

or personal property to which the heirs, widow, or next of kin might succeed, section 607 *ibid.* Succession is defined as the coming in of another to take the property of one who dies without disposing of it by will, section 699 *ibid.* In the event of intestacy, both real and personal property passes to the heirs of the intestate subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration, section 700 *ibid.* The laws of the State of South Dakota allow free disposition of all property except the homestead, and as the decedent was not a resident of the State, his right to dispose of the property in question at the time of his death was absolute. The wife had no dower or vested interest. Accordingly the 3,365 acres of land situated in South Dakota were properly included in the gross estate.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*

Considered by ARUNDELL and STERNHAGEN.