**SCOTT v. BECKER, Collector of Internal Revenue.**

No. 8522.

District Court, E. D. Missouri, E. D.

March 9, 1933.

Chase Morsey, of St. Louis, Mo., for plaintiff.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., and George C. Dyer, Asst. U. S. Atty., of St. Louis, Mo. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and F. F. Korell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

DAVIS, District Judge.

The facts in this case have been stipulated by the parties. The question to be answered by the court has been agreed upon by counsel and is stated in the briefs. The problem presented arises out of an effort to determine the extent to which the real estate of Edward J. Scott, deceased, is subject to assessment for inheritance tax purposes.

Section 302 of the Revenue Act of 1924 (26 USCA § 1094 note) provides:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) * * * (b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

What was the extent of the interest of Nellie D. Scott in the real estate of her husband existing at the time of his death?

1. She had a dower interest of one-third, under the following section of the Revised Statutes 1929: Section 318 (Mo. St. Ann. § 318). "Dower in real estate.—Every widow shall be endowed of the third part of all the lands whereof her husband * * * was seized of an estate of inheritance * * * to hold and enjoy during her natural life."

2. She had one-half of his real estate subject to his debts, if she elected to take it, under the following statute: Section 325 (Mo. St. Ann. § 325). "Husband dying without children, widow, how endowed.— When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: * * * Second, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts."

▮▮▮ The widow elects whether to take under this statute or dower under section 318. This election is expressly authorized by section 327 (Mo. St. Ann. § 327). When the

election to take under section 325 (Mo. St. Ann. § 325) is made, it is in lieu of dower. Klocke v. Klocke, 276 Mo. 572, 208 S. W. 825, construes this statute and holds that section 325 provides an estate that is a "substitute" for dower. Both estates cannot be taken; consequently this statute does not create an estate in addition to dower. A substitute for dower, and in lieu of dower, mean the same thing.

We know of no reason why the defendant should not rely upon this section. It may be that it has done so. But if it has so relied, confusion has been injected into the case by the constant reference to a "child's part," as though reliance were being placed upon section 328 of the Missouri statute (Mo. St. Ann. § 328).

3. She had the right to take under the will in lieu of dower, and this is what she did. The statute is: Section 332 (Mo. St. Ann. § 332). "Land passing by will held in lieu of dower.—If any testator shall, by will, pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of her husband whereof he died seized * * * unless the testator, by his will, otherwise declared."

We now state the question which the parties agree must be answered by the court, and which constitutes the sole issue in this case: "Is the widow's child's share interest in the Missouri real estate owned by her husband on the date of his death properly included in the decedent's gross estate for the purpose of determining the net taxable estate, or should only the value of the widow's dower interest in such property have been included in the gross estate?"

Reference must here be again taken of the Missouri statute relating to when a widow may take a child's share of her deceased husband's estate.

Section 324, R. S. 1919, amended Laws 1921, p. 119 (now, as again amended 1927, p. 99, § 328, R. S. 1929 [Mo. St. Ann. § 328]), effective at the time of the death of the deceased, provided: "Child's part, when taken in lieu of dower.—When the husband shall die, leaving a child or children or other descendants, the widow * * * may, in lieu of dower of the one-third part of all lands whereof her husband died or shall die seized of an estate of inheritance, to hold and enjoy during her natural life, elect to be endowed absolutely in a share of such lands equal to the share of a child of such deceased husband. The provisions of this section shall

be subject to the payment of her husband's debts."

█ This estate was available to the widow when, and only when, "the husband shall die, leaving a child or children." Edward J. Scott left no child. Consequently, the estate created by this section, that is, a child's part, was never available to his widow. The widow had or acquired no such an interest in the estate at the time of the death, and she could not by any sort of an election have acquired such an interest.

This conclusion is not out of accord with United States v. Waite (C. C. A. 8) 33 F. (2d) 567, because there the deceased left a widow and two children, and the right of the widow to take a child's share existed. In Crooks v. Loose (C. C. A. 8) 36 F.(2d) 571, it was not the "child's share" statute that was under consideration.

█ Consequently, we hold that under the circumstances here present the widow's child's share interest in the real estate of the deceased as provided by section 328 was not properly included in the decedent's gross estate for the purpose of fixing the net taxable estate. The widow's dower interest in such property as provided by section 318, or the one-half interest in lieu of dower as provided by section 325, could properly be included in value of the taxable interest in the estate. The defendant was justified in availing itself of the latter item. There can be no reason why it should be required to elect to accept the basis least advantageous to itself. Particularly where, as here, the widow elected to take the entire estate under the will. Such a decision on her part could not possibly defeat the tax.

Accordingly, counsel may draft the judgment.