### Adaline B. Sutherland

*v.*

### Ellen M. Harrison *et al.*

86 363<br>22a 500

1. Administration of Estates — *personalty primarily liable to payment of debts.* The personal estate of a deceased person is primarily liable for all debts created by him, whether secured by mortgage on his real estate or not, and his heirs and devisees have the right to compel the payment of a mortgage debt out of such personal estate, and thereby relieve the real estate of the lien.

2. Vendor's Lien — *widow of purchaser — of her liability.* Where a person files a bill to enforce his vendor's lien upon real estate against the heirs of the purchaser, and it appears that, upon the settlement of the estate of the purchaser, his widow has received, as his heir, over and above the special allowance given her as widow, all of the personal property and one-half of the real estate, including that upon which the lien is sought to be enforced, and that the amount of the personal property so received by her exceeds the amount of the lien sought to be enforced, she will be compelled to pay off and remove said lien, as between her and the other heirs of the purchaser, without contribution from them.

3. Widow — *as heir of her husband.* Athough the statute, in general terms, gives to the widow whose intestate husband leaves no descendants the whole of the personal estate, it does not mean all the personal property of which the intestate died possessed, but only the residue thereof after the payment of all debts.

Appeal from the Circuit Court of Cook County; the Hon. E. S. Williams, Judge, presiding.

On January 18, 1855, Samuel F. Smith and John E. Sutherland entered into a contract in writing, under their hands and seals, for the sale and conveyance by the former to the latter of an acre of land, described in the contract, situate in the city of Chicago, the conveyance to be made upon the

payment of the purchase price, $2,000, on January 18, 1873, with interest at six per cent per annum, payable semi-annually, and Sutherland agreed to pay such sum as aforesaid, with interest, to Smith. No payment of principal was made; the interest was paid to December 18, 1870.

Sutherland died in 1868, intestate, leaving a widow, but no children. His widow, his brother, and the children of two brothers who died before his death were his only heirs. The estate of Sutherland was administered upon, his widow and one Page being the administrators; they filed their final account in 1871, and, all the debts proved having been paid, an order of distribution was then made, giving to the widow, as heir, the whole personal property, and discharging the administrators. The other heirs filed a bill, in 1871, for partition against the widow, in which suit a decree was rendered, finding that the widow, as heir, was entitled to all the personal property, and to one-half of the real estate.

This decree was brought to this court and affirmed, the case being reported in 69 Ill. 481. Under this decree, all the real estate, including the acre of land in question, was divided among said heirs, the widow having been assigned one-half thereof in value, and the other half being divided among the other heirs.

On December 24, 1875, the legal representatives of Samuel F. Smith, then deceased, filed their petition against the heirs of Sutherland, praying that they might be ordered to pay the amount due upon the contract upon delivery of a deed, and in default thereof that the contract be annulled.

The other heirs filed a cross-bill praying that the widow be required to satisfy the amount due on the contract, and that the surplus personal estate received by her might be marshaled for the payment of such indebtedness.

The court below found there to be due upon the contract the sum of $2,750, with interest from April 18, 1877, and that, as between the defendants, the widow ought in equity to pay out of her own money, without contribution from the other defendants, said sum and interest, and that upon such

payment the petitioners should convey to the defendants in the manner therein ordered.   The widow, Adaline B. Sutherland, appealed from the decree.

The proof showed that, after payment of the widow's award of $1,800, and all the debts proved against the estate, and expenses of administration, the amount of personal property remaining and distributed to the widow was more than sufficient to pay the debt in question.

Mr. J. V. LE MOYNE, for the appellant.

Mr. GEORGE WILLARD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There are no disputed facts here, the questions involved being those of law, and mainly the one whether the widow should be held to pay the entire amount of this unpaid purchase money for this acre of land, or only her proportional part thereof, according to her interest in the land.

Our statute in respect to the descent and distribution of intestate estates provides, that " when there shall be a widow and no child or children or descendants of a child or children of the intestate (as in this case), then the one-half of the real estate, and the whole of the personal estate, shall go to such widow as her exclusive estate forever."

Under this provision, is the widow entitled to have and enjoy the personal property which she has received as distributee, without the deduction of this debt in question?

It is a well-settled principle, that in the administration of assets the personal estate is the natural and primary fund for the payment of debts and legacies, and, as a general rule, must first be exhausted before the real estate can be made liable ; and it will not be exonerated by a charge on the real estate, unless there be express words, or a plain intent, in the will, to make such exoneration.   *Clinefelter* v. *Ayers*, 16 Ill. 329 ; *Harris* v. *Douglass*, 64 id. 466.   This general principle seems to be admitted by appellant's coun-

sel, but it is contended there is this distinction here : that in the case of a mortgage, for instance, on land, it may be made for the general benefit of the estate ; the personal estate may have received the benefit. Whereas a claim for the purchase money of land, as that here, can only be for the benefit of the particular piece of land purchased, in which case it is claimed that the land is the primary fund, and is to be first applied in payment, and the personal estate is only to be resorted to as auxiliary. As supporting appellant's position, a class of cases is cited to the effect that if one purchases an estate subject to a charge made upon it by a previous owner, the estate charged is the primary, and the personal estate merely the auxiliary and collateral, fund for the payment of the debt charged upon it, and the heir at law or devisee will take such estate *cum onere;* and as it is sometimes given as a reason that the personal estate of the purchaser has not received any addition to its funds by means of the incumbrance, that is contended to be the principle which applies, whether the personal estate has received any benefit from the incumbrance to be discharged ; and that, where it has not, the personal estate should be exonerated, and the debt be paid by the land. There is no such principle of general application.

In *Cumberland* v. *Codrington*, 3 Johns. Ch. 229, Chancellor Kent reviews at length most of the cases referred to by appellant's counsel, with many others, and lays it down that, " when a man gives a bond and mortgage for a debt of his own contracting, the mortgage is understood to be merely a collateral security for the personal obligation. But when a man purchases, or has devised to him land with an incumbrance on it, he becomes a debtor only in respect to the land ; and if he promises to pay it, it is a promise rather on account of the land, which continues, notwithstanding, in many cases, to be the primary fund. The same equity which in other cases makes the personal estate contribute to ease the land, as between the real and personal representatives, will here make the land relieve the personal estate."

And again : " The books are full of cases which subject the personal estate primarily, and as the ' natural fund ' to the payment of debts originally contracted by the party, and even though the debt should be created by mortgage, without either bond or covenant."

A full collection and review of the cases on this subject may be found in the note to *Duke of Ancaster* v. *Mayer*, Lead. Cas. in Eq., volume 1, part 2, page 881, where it is said : " But the distinction between mortgage debts originally contracted by the testator, and those contracted by another, is also established in the American cases ; and it is agreed that, in the latter case, the land is considered as the debtor, and shall bear its own burden.   If one purchases an estate subject to a mortgage, and dies, his personal estate shall not be applied to the exoneration of the land, unless he has done some act by which he has created a new and original liability in himself."   The contest in the cases in this regard of a charge made upon land by a former owner, is, whether the ancestor has made the debt contracted by the previous owner his own, it being unquestioned that, if he has, then his personal estate is primarily liable for its payment.   No dissent is found in the cases from the general doctrine that where one gives a mortgage on land for a debt of his own contracting, his personal estate is the primary, not the auxiliary, fund for the payment of the mortgage debt, and the debt should be paid out of the personal property to the exoneration of his real estate.   *Howes* v. *Dehon*, 3 Gray, 205 ; *Plimpton* v. *Fuller*, 11 Allen, 139.   If a mortgage creditor proceeds against the land, the heir or devisee is *prima facie* entitled to reimbursement out of the personal estate.   *Chase* v. *Lockerman*, 11 Gill & J. 185 ; *Walker's Estate*, 3 Rawle, 229.   The debt here involved is not that of another, a former owner, but it is the intestate's own original debt, contracted by himself in the most binding form.

As respects a contract for the sale of land, in the view of a court of equity, that which is effectually contracted to be done, is to be considered as done, and it holds that such

contracts are, for the most part, equivalent in equity to actual conveyances in law. The vendor, as between him and the vendee, is from the time of the contract regarded in equity as a trustee of the land for the purchaser, and the latter a trustee of the purchase money for the former, so that the purchaser is treated as the equitable owner of the land, and it is devisable and descendible as his real estate ; and the money is treated as the personal estate of the vendor, and is subject to the like modes of disposition by him as other personalty, and is distributable in like manner on his death.    Jer. Eq. Jur. 446 ; Dart on Vend. and Purch. 114, in note, and authorities there cited.    And it is there stated, in the note, that, unless some circumstances affect the case, the heir of the purchaser may require the purchase money to be paid out of the personal estate of the purchaser in the hands of his personal representative.    Indeed, so far from there being any distinction in this respect, as suggested in argument, between the case of a mortgage debt where there is a mortgage on land, and that of a debt for the unpaid purchase money for land where there is a vendor's lien therefor, there are numerous explicit decisions to the contrary, which directly hold that in case of such unpaid purchase money the personal representative must pay the purchase money out of the personal property for the benefit of the heir. *Broome* v. *Mouck*, 10 Ves. 596 ; Dart on Vend. and Pur. 125 ; *Livingston* v. *Newkirk*, 3 Johns. Ch. 312 ; *Cogswell* v. *Cogswell*, 2 Edw. Ch. 231 ; *Johnson* v. *Corbett*, 11 Paige, 265 ; *Lamport* v. *Beeman*, 34 Barb. 239 ; *Wright* v. *Holbrook*, 32 N. Y. 587 ; 1 Sugd. Vend. 8th Am. ed. 192 marg.

Another class of cases has been cited by appellant's counsel as supporting the claim of appellant, of the character of *Lieford* v. *Powyskeek*, 1 L. R. Eq. Cases, 346, where it was held that pecuniary legatees are entitled to stand in the place of the vendor against an estate purchased and devised by the testator, the purchase money for which is paid after the testator's death out of his personal estate ; and

*Trimmer* v. *Bayne*, 9 Ves. 209 ; *Sproule* v. *Prior*, 8 Sim.
189 ; *Selby* v. *Selby*, 4 Russ. 336 ; *Birds* v. *Askey*, 24 Beav.
618 ; *Alston* v. *Munford*, 1 Brock. 266 ; 2 Sugd. Vend. 680,
marg.   These are all like cases, except in some of them the
principle is applied in favor of creditors.   They arise under
the application of the doctrine of marshaling assets allowing
a legatee or creditor to be subrogated to a vendor's lien
which has been satisfied out of the personal estate, and pro-
ceed upon the principle that a person having resort to two
funds shall not by his choice disappoint another, having one
only.   A full collection and review of the authorities upon
this subject will be found in Lead. Cas. in Eq. volume 2, part
1, pages 23–28, in note to *Aldrich* v. *Cooper*, which bear,
also, upon the former branch of this opinion.   But we see
no room for the application of that doctrine of marshaling
to the present case, and do not regard these last cases cited
on the part of appellant as of any pertinency.   Appellant
does not fill the character of creditor, or that of legatee
where there has been a manifestation of intention by the
decedent that she should take any portion of his estate dis-
charged from the payment of debts, or otherwise.   The
doctrine of marshaling is not applicable, unless there are
two funds already in existence, before the question relating
to it is raised.   Authority last cited, p. 238.   There is no
second fund here in existence to demand that the vendor's
lien shall be satisfied out of the land.   Such second fund in
this case does not arise until after the payment of all debts,
and the consequent satisfaction and extinguishment of this
debt in respect of which the lien exists.

The right of appellant in respect of the personal estate
is under the law alone, and is to be measured by the whole
law upon the subject.

The law gives to her the personal property ; but it is
equally the law that as a general rule all the debts of the
decedent must be paid out of the personal property.   It
creates the personal estate the fund for the payment of the

24 — 86TH ILL.

debts, and gives to her what remains · after paying the charges which the law imposes on the fund.

The statute in its general terms gives to the widow here "the whole of the personal estate." This does not mean all the personal property which the intestate died possessed of. It is the whole of the personal estate which remains for distribution, to go to some one, after the settlement of the estate in the due course of administration — the residue of the personal estate after the payment of all debts.

We find no circumstance here to differ the debt in question from any ordinary debt of the decedent in respect of payment of it by the administrators, and are of opinion that it ought to be paid out of the personal estate and that the heirs had the right to so require, and, as appellant as distributee has received more than sufficient for the purpose, that the court below rightly decreed the payment by her.

There is the minor objection taken that the settlement of the estate and discharge of the administrators by the probate court, and the former suit between the parties, should be held as conclusive of the right of appellant to all the personal estate.

The settlement of the estate involved nothing in respect to the validity of this debt in question.

Not having matured during the time of the administration, it does not appear to have been proved or presented for settlement, the creditor relying, as would seem, on his vendor's lien. The only thing in controversy in the former suit was as to the effect of an ante-nuptial settlement made between the intestate and appellant — whether it barred her of her inheritance as an heir at law; and it was held that it did not bar her from recovering, as heir, one-half of the real estate and all of the personal estate, the court also refusing to so reform it as to make it accomplish the above end.

Neither the settlement of the estate, nor such suit, deter-

mined the right of appellant to any specific personal property as regards quantity or amount, and we do not perceive wherein they can be held to have the effect to preclude appellees from enforcing their right to have the personal estate of the decedent applied to the payment of his debt.

It is further objected that a certain discribed portion of the land is decreed to be conveyed to George King, one of the defendants. The petition made King a party, averring that he claimed some interest in the premises. He made proof of an interest therein derived from James B. Sutherland, one of the three brothers of the intestate. There appears in the record a stipulation by the petitioners that King be permitted to offer any defense he might have, and to represent and protect any interest he had in the property, without answer. The objection is not on the ground of any want of interest in the premises in King as shown by the proof, but because he filed no answer or cross-bill stating what his claim or interest was. A decree in respect of King was asked by the petition, and would seem to have been a needed relief, in order for the safety of the petitioners in making conveyance to the parties that might be entitled. The proof of King's interest appears to have been made without objection by any one.

We think the decree in this respect, under the circumstances, forms no just subject of complaint by appellant. The decree must be affirmed.

*Decree affirmed.*