## STIEGLITZ *v.* MIGATZ, EXECUTOR.

[No. 22,350. Filed June 5, 1914. Rehearing denied December 15, 1914.]

1. WILLS.—*Construction.—Intention of Testator.*—The purpose in construing a will is to ascertain the intention of the testator, and to effectuate same, unless it contravenes some rule of law; and, in ascertaining such intent, the whole will must be considered without rejecting any word or clause to which reasonable effect can be given. p. 552.
2. WILLS.—*Construction.—Intention of Testator.*—In ascertaining the intention of a testator, the court may hear evidence of the circumstances, situation and surroundings of the testator when the will was made, and of the state and description of his property. p. 552.
3. EXECUTORS AND ADMINISTRATORS.—*Debts of Decedent.—Incumbrance on Realty.—Personal Liability.*—An incumbrance on realty, existing at the time the property was acquired by testator, not shown to have been assumed by him, was properly charged as a lien against the realty, since it can not be said to have become a personal liability for which his personal estate was chargeable. p. 552.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Nathan Migatz, as executor of the last will of William Stieglitz, deceased, against Mildred B. Stieglitz and others. From the judgment rendered, Mildred B. Stieglitz appeals. *Affirmed.*

*Fred Barnett* and *Lyle McKinney,* for appellant.
*Gavit & Hall* and *McMahon & Conroy,* for appellee.

SPENCER, J.—William Stieglitz departed this life, testate, on February 7, 1912, leaving both real and personal property in Lake County, Indiana. His widow, Mildred B. Stieglitz, was the sole and only heir at law. His last will, bearing date of February 5, 1912, was, by order of court, duly probated

in Lake County two weeks later. On February 27, 1912, this action was brought by appellee Nathan Migatz, as executor, against appellant, as the widow of the testator, and the other appellees, who were brothers and sisters of the testator, asking that the provisions of the will be construed. The other appellees all filed cross-complaints asking for a construction of the different items of the will, which reads as follows:

"I, William Stiglitz, of this city of Hammond, Indiana, do hereby make this my last will and testament. Item I. I give and bequeath to my beloved wife Millie Stiglitz all the Real Estate I may die seized except the real estate at No. 70 and 72 Plummer Avenue Hammond Indiana. Item II. I give and bequeath to my beloved sisters and brothers, viz. Mrs. Rosa Truen, Mrs. Ricka Winter, Mrs. Hannah, Pitzle, Mrs. Rosie Rosener, Mrs. Lena Cohn, Mrs. Betta Miggots, David Stiglitz, Jacob Stiglitz, Lozor Stiglitz, and Marcus Stiglitz to be divided between them share and share alike, and I also give and bequeath all my stock of general merchandise to the above named brothers and sisters, they to pay all the debts against it and pay all my burial and funeral expense and pay $100.00 the Kanasih Jewish Society of Hammond Indiana and pay $20.00 to Roza Ringer and pay to Cohan Fisher $20.00. Item III. I give and bequeath to my beloved wife Millie Stiglitz all the certificates of·stock I may die seized American Savings and Trust company, Masonic Temple at Hammond Indiana, and German Fadalia Singing Society. And I give and bequeath to my said beloved wife all cash on hand or money in Bank, and all my book accounts except a note and open account due me from Miggots and Stiglitz at Whiting Indiana, and said note and account to be paid by Miggots and Stiglitz to my beloved wife Millie Stiglitz one half of the same in two equal annual instalments and the diamonds and jewellry I have for safe keeping is to be returned to the owner Mrs. H. Pitzle, said diamonds and jewelry is now in the safety deposit vault Germ. Nat. Bank at Hammond Ind. Item IV. I hereby nominate and appoint Leon Sturn of Joliet Ill. Nathan Miggots and Max Stiglitz of Whiting Ind. executors of my last will and testament. In testimony whereof I have hereunto set my hand and seal this 5 day of February 1912. (Signed) William Stiglitz (Seal)"

The court found that ''the will is ambiguous and the executor cannot properly execute the same and administer upon said estate without the construction of a court thereon''; that it was the intention of the testator that cross-complainants Rosa Stern, Ricka Winter, Hannah Pitzle, Rosie Rosener, Lena Cohen, Betta Migatz, David Stieglitz, Jacob Stieglitz, Lizor Stieglitz, and Marcus Stieglitz, as the brothers and sisters of the testator, should take, share and share alike, lot twelve (12) in block one (1) of the original town, now city of Hammond, the same being known as Nos. 70 and 72 Plummer Avenue; that the same parties should take, share and share alike, certain personal property consisting of a stock of merchandise, furniture, fixtures, cash register, safe, etc.; that said personal property should be charged with all claims against the same, and with all the expenses of the testator's last sickness and funeral, the administration of his estate and the execution of his will; that a certain mortgage lien against one parcel of real estate, herein referred to as the Michigan Avenue property, should be charged against the specific property on which it was a lien, and the devisee thereof under the will should take the same subject to said lien; that appellant, the testator's widow, should take all the real estate of which the testator died seized, except lot 12, block 1, of the original town of Hammond, heretofore mentioned; that under item three of the will appellant should take one-half the amount due the testator from the firm of Migatz & Stieglitz by virtue of a note and an account, the same to be paid in two equal instalments due one and two years from the death of the testator; that one-half of said account was forgiven by the testator to the firm of Migatz & Stieglitz; and that the costs of this action should be taxed against the estate as expenses of administration. The question here presented by the record challenges the correctness of such construction of the will.

The purpose of construing a will is to ascertain the intent of the testator, which intent, unless in violation of some rule

of law, must be given effect when ascertained. For that purpose the whole will must be considered and no word or clause in the will is to be rejected to which reasonable effect can be given. *Pate* v. *Bushong* (1903), 161 Ind. 533, 537, 100 Am. St. 287, 63 L. R. A. 593. To ascertain the intention of the testator, the court may hear evidence of the circumstances, situation and surroundings of the testator when the will was made and of the state and description of his property. *Dennis* v. *Holsapple* (1897), 148 Ind. 297, 62 Am. St. 526, 46 L. R. A. 168; *Pate* v. *Bushong, supra,* and cases there cited; *Patch* v. *White* (1885), 117 U. S. 210, 217, 6 Sup. Ct. 617, 29 L. Ed. 860; Page, Wills §§816, 817; 1 Jarman, Wills (5th Am. ed.) 733-762; 2 Underhill, Wills §§907-911; Wigram, Wills (2d Am. ed.) §161.

While counsel for appellant have presented their views as to the intention of the testator very ably and in an instructive manner, yet, after a careful and considerate review of the evidence heard by the court as to the circumstances, situation, and surroundings of the testator when the will was made and as to the condition and description of the property of which he died seized, and of his family relations and his situation in life, we are unable to say that the trial court erred in the construction which it has placed on the will in question.

Appellant very earnestly insists that the mortgage on the Michigan Avenue property should be paid out of the testator's personal estate and not charged as a lien against the realty itself. The evidence shows that the property was encumbered at the time the testator purchased it but there is nothing in the record which indicates that he assumed the mortgage. In the absence of such a showing it cannot be said that the mortgage became a personal liability.

We are constrained to hold that no error was committed

in the construction of the will, and the judgment is accordingly affirmed.

Note.—Reported in 105 N. E. 465. As to extrinsic evidence to explain wills, see 50 Am. St. 279. See, also, under (1) 40 Cyc. 1413; (2) 40 Cyc. 1431; (3) 27 Cyc. 1340.