618

Vinton Suiter, Complainant, v. Clara Suiter et al., Defendants, John J. Suiter and Charles Louise Suiter, Appellants.

W. E. Deming, Administrator De Bonis Non, Will Annexed of Estate of Charles Suiter, Deceased, Appellee, v. Clara Suiter et al., Cross Defendants, John J. Suiter and Charles Louise Suiter, Appellants.

Gen. No. 9,216.

October term, 1939. Heard in this court at the Opinion filed November 3, 1941.

W. B. McBRIDE and PROVINE & WILLIAMS, all of Taylorville, for appellants.

HERSHEY & BLISS, of Taylorville, for appellee.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

Charles Suiter died testate on September 20, 1924. On September 20, 1929, Vinton Suiter, testator's son, and one of his devisees, filed a bill in the circuit court of Christian county to partition certain real estate devised by the testator. W. E. Deming, administrator *de bonis non*, with will annexed, filed a cross bill asking that partition be denied, and that he be authorized to sell the real estate to pay the debts of the estate. The heirs and devisees of Charles Suiter, and certain of his creditors, were made defendants in both instances. The cause was referred to a master in chancery, who after hearing, filed findings of fact upon which the circuit court entered a decree finding that the personal assets of the estate were not sufficient to pay the just debts thereof, and that therefore the real estate of the testator should be sold as prayed in the cross bill.

John J. Suiter and Charles Louise Suiter, heirs and devisees of the testator and defendants to both the original bill and the cross bill, have appealed to this court to reverse the decree of the circuit court of Christian county.

Three issues are raised upon this appeal, first, whether by the terms of the last will and testament of Charles Suiter, his real estate is equally liable with his personal estate for the payment of his debts. Second, whether there is sufficient personal estate to pay testator's debts, and third, if not, the amount of the deficiency.

The last will and testament of Charles Suiter provides in part as follows:

"First: I order and direct that My Executrix hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be done.

Secondly: After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife, Clara Suiter, all her legal rights in my estate, whatsoever they may be.

Thirdly: I hereby direct that my Executrix hereinafter named shall keep my estate all together for the term of five years from date of my death the same to be held in trust and managed by her, and out of the income therefrom, after paying taxes, repairs and the necessary expenses of the management thereof, to pay the remainder of the income therefrom on any debts that I may owe at the time of my decease. The remainder of my estate after the payment of debts and funeral expenses and provisions herein made for my wife Clara Suiter, I give, devise and bequeath as follows: . . ." Then followed the proportions into which the residue was to be divided.

Testator's wife, Clara Suiter, was named executrix and she acted as such until February 9, 1931, when she was removed, and the cross complainant named as administrator *de bonis non*, with will annexed.

Appellee contends that the provisions above quoted show an intention on the part of the testator to subject his real estate equally with his personalty to the payment of the debts of his estate. In this connection, he

points out that the first paragraph directs the payment of all the testator's just debts; that the devise to the widow in the second paragraph is prefaced by the phrase, "after the payment of such funeral expenses and debts," and that the residuary clause in paragraph three is likewise preceded by the phrase, "after the payment of debts and funeral expenses."

We do not believe these provisions can be so construed. Under the statutes of this State Ill. Rev. Stat. 1937, ch. 3, par. 99 [Jones Ill. Stats. Ann. 110.099], the personal estate of a decedent is made primarily liable for the debts of a decedent, unless a contrary intention is expressly indicated or may be clearly implied from the provisions of the will. *Sutherland v. Harrison,* 86 Ill. 363; *Baker v. Baker,* 319 Ill. 320.

The first paragraph of the will of Charles Suiter is typical of that found in most wills, and does not indicate any intention on his part to depart from the statutory methods of satisfying the debts of his estate, nor do the phrases found in paragraphs two and three evidence that intent. As was said in *Decker v. Decker,* 121 Ill. 341, where a similar phrase was under construction: "We perceive nothing in the language relied on that warrants such a conclusion. The fact that the dispositions of the will, including both realty and personalty, are preceded by the formula, 'after the payment of funeral expenses and just debts, I give,' etc., indicates no purpose on the part of the testator to specially charge his realty with such debts and expenses. The manifest intention of the testator in using the language in question was, to make all the bequests of the will, whether of personalty or realty, subject to the payment of his debts, leaving it to the law to determine the order in which the real and personal assets should be liable." See also *Harris v. Douglas,* 64 Ill. 466.

Appellee also contends that because Charles Suiter devised both realty and personalty *en masse* in his

residuary clause, he intended to subject them equally to the payment of his debts. The cases cited however, do not support this position. In *Baker v. Baker, supra,* the Supreme Court held that where a testator makes specific devises of real estate and of personalty, the realty must share ratably with the personalty in the payment of debts. In *Williams v. Williams,* 189 Ill. 500, where both realty and personalty were devised *en masse* by residuary clause, the Supreme Court affirmed a decree subjecting the real estate to the payment of general legacies, only if the personalty was proved to be insufficient to pay them. In *Reid v. Corrigan,* 143 Ill. 402, it was held that where a testator expressly disposed of all his personalty in the first paragraph of his will, a residuary devise of real estate was subject to the payment of a pecuniary legacy made in the second paragraph of the will. None of these cases establish the rule that the inclusion by a testator of both realty and personalty *en masse* in a residuary clause, is evidence that he intended both to be equally liable for the payment of his debts.

Except for the provision in paragraph three, creating a trust for five years, the income from which was to be used to pay debts, no authority is given the executrix by the will of Charles Suiter to depart from the statutory method of paying the debts of his estate. The real estate devised by the residuary clause is subject to his debts only to the extent that there is insufficient personalty to satisfy them.

As to the second and third issues in this case, appellee contends that they have become *res judicata,* because of the decision of the Supreme Court in *Suiter v. Suiter,* 323 Ill. 519. In that case, Charles Suiter's widow, as executrix of his estate, filed suit in the circuit court of Christian county for the construction of her husband's will, for confirmation of her appointment as testamentary trustee and for partition. Answers were filed by all interested parties, one of which

alleged that the widow was unfit to manage the estate as trustee and asked the appointment of a new trustee. The Supreme Court found no evidence of incompetency and decided that under the terms of the will, the widow was entitled to dower in the real estate but should receive none of the personalty. In concluding its opinion the court said: "The court erred in holding that the widow was entitled to one-third of the personal property, but this error is immaterial. The debts of the estate exceed the amount of personal property, so there will be no personal estate to distribute." The part of this decision relevant here, merely establishes however that at the time of Charles Suiter's death, there was insufficient personalty to satisfy his debts, and that up to the time of the decree, there was no proof that the widow was improperly managing the property.

Pursuant to the terms of Charles Suiter's will, his property was held in trust for five years, for the purpose of paying his debts from the net income therefrom. It appears from the record that substantial sums have been received by the trustee, and that there have been sizeable expenditures in managing the estate. It further appears that two claims against the estate, amounting to over forty-eight hundred ($4,800) dollars have been satisfied by novation. The condition of the record is such, however, that we are unable to trace the various receipts and expenditures or determine whether all the expenditures were reasonable or necessary to the management of the estate. The case must therefore be remanded for further proof of these matters.

For the reasons stated above, the decree of the circuit court of Christian county is reversed, and the cause remanded to that court for further proof and decision, in accordance with the views set forth in this opinion.

*Reversed and remanded.*