John J. Lawless, Individually and as Executor of Last Will and Testament of Felix M. Lawless, Deceased, Plaintiff-Appellant, v. John Francis Lawless et al., Defendants-Appellees.

Gen. No. 10,164.

Third District.

May 21, 1958.

Released for publication June 7, 1958.

Busch & Harrington, of Champaign, for appellant.

Thomas, Mulliken and Mamer, of Champaign, for appellees.

JUDGE REYNOLDS delivered the opinion of the court.

This cause was appealed to the Supreme Court upon the theory that the cause related to revenue, or in which the state is interested as a party or otherwise. The Supreme Court, by its order of November 12, 1957, held that the cause was wrongfully appealed to that court, and ordered that it be transferred to this court.

Felix M. Lawless, deceased, by his will bequeathed all of his personal property in equal shares to his nieces and nephew, Isabel E. Lawless, Mazie (Mary) Lawless, and John J. Lawless. His real property he devised in various interests or shares to these three, Isabel, Mazie and John Lawless, and to another nephew

and niece, John Francis Lawless and Mary Lawless Burgess, the shares of the last named two being subject to a life estate in their mother, Bertha Lawless.

There was assessed against the estate a Federal estate tax in the amount of $48,675.65. This action was brought by the executor of the estate to recover from John Francis Lawless, Mary Lawless Burgess and Bertha Lawless, as devisees under the will, an equitable contribution in the amount of the proportionate share of the Federal estate tax attributable to the valuation placed upon the interests in real property which these individuals took pursuant to the will.

The Circuit Court of Piatt county, Illinois, entered a decree dismissing Count IV of the complaint, which asked for the contribution, and (upon the findings and recommendations of a master in chancery) found that there was sufficient personal estate to pay all claims, costs of administration and the Federal estate tax, and ordered that said Federal tax be paid in its entirety from the personal property as a cost of administration. From that decree, the cause comes to this court.

The only question thus presented is whether or not the Federal estate tax should be proportioned between all devisees and legatees, according to their interest received, or paid wholly out of the personal property. The plaintiff contends that each devisee of real property should be required to pay his proportionate share of this tax. The defendants contend that the tax is a cost or expense of the administration and as such should be deducted directly and in its entirety from the personal property of the estate. If the defendants are correct in their position, and there is sufficient personal property in the estate to pay the claims, costs and the tax, the defendants would receive their share of the real property in the estate, free of the Federal tax, and would only be required to pay such state inheritance taxes as might be assessed against them. The

484

other three heirs, Isabel, Mazie and John J. Lawless to whom all of the personal property was bequeathed would take such remainder of the personal property, if any, after the payment of the Federal tax, claims and costs of administration. While the amount of the personal property in the estate does not appear to have been put in the record, the master in chancery found that there was sufficient personal property to pay all claims, costs and the Federal estate tax. In other words, if the position of the defendants is correct, the three legatees would pay all of the Federal estate tax out of their shares of the personal property and the other three, devisees of part of the real property, would pay nothing and their property devised to them by the will of the testator would not be bound for the payment of the tax, if the personal property was sufficient.

■ It must be recognized that the Illinois Inheritance Tax is computed as a tax against each beneficiary under a will or by descent, for such property devised, bequeathed, or inherited, by such beneficiary, over the exemption, while the Federal estate tax is an excise tax against the whole estate, regardless of the division among the heirs. While some states have enacted statutes providing for the apportionment of Federal estate taxes, the State of Illinois has not done so.

The plaintiff assigns as error only one point, namely that the court erred in striking Count IV of the complaint and in ordering that the Federal estate tax be paid as a cost of administration. In support of this view, the plaintiff cites a number of cases. In Stieglitz v. Migatz, 182 Ind. 549, 105 N. E. 465, cited by plaintiff, it was held that where a testator acquired real estate subject to a mortgage, the payment of which he did not assume, the said real estate is not to be exonerated from the payment thereof, and his personal property cannot be used to pay the same. This court can perceive no analogy between the facts in that case

and the problem here. In the case of Cumberland v. Codrington, 3 Johns. Ch. (N. Y.) 229, it would seem the law as laid down in that case is contrary to the position of the plaintiff. In that case, the decedent had given his mortgage to secure his own obligation. In this case, the decedent owned outright the real estate, and gave no testamentary directions as to the payment of the tax. In Equitable Trust Co. v. Shaw, Ct. Chan., Del. (1937), 194 A. 24, the Cumberland v. Codrington case was discussed and laid down this doctrine: "As before noted, where a mortgage was given by the deceased to secure his own obligation, the right of the land to be exonerated by the personalty is firmly settled, in the absence of testamentary direction to the contrary." These two cases deal with mortgages upon real property of the decedent.

There is an old Illinois case, Sutherland v. Harrison (1877), 86 Ill. 363, where it is held that as between the widow of the decedent who receives as his heir all of his personalty and one half of his real estate, and another heir the other half of the real estate, she will be required to discharge an encumbrance upon the real estate from the proceeds of the personal property, where in amount it exceeds the amount of the encumbrance.

In 37 A.L.R.2d page 181, it is said: "Some jurisdictions have a general rule, subject to certain exceptions, that personalty is first subjected to the payment of debts and administration expenses, after which resort may be had to realty, and this rule and its exceptions have been extended to cases involving the payment of estate taxes."

The plaintiff cites the case of Dinsmoor v. Rowse, 211 Ill. 317. This cause dealt with the question of a mortgage on a homestead. The widow paid off the mortgage and the court held that she was entitled to subrogation for the proportionate amount due her

486

from the other heirs. That case sheds no light on the problem here. The case of Napieralski v. W. Chicago Park Com'rs, 260 Ill. 628, cited by the plaintiff, was a special assessment case, and involved the obligation of a lot or land owner to pay his proportionate share of the assessment. The case of Harris v. Buder, 326 Ill. App. 471, was a case where certain bank directors in order to satisfy the bank examiners as to loans of the bank, made their notes, all of them signing them, in the amount of the questioned loans. Later the bank was put in receivership, and one of the directors paid off the notes, and then sued the other directors for contribution. Since each of them had signed the several notes, and each was obligated, the court held that each was liable for contribution.

The last case cited by the plaintiff, Reid v. Corrigan, 143 Ill. 402, was a case of specific legacy of $3,000 to his wife, and the court in that case held that it was clearly shown that the testator intended to exonerate this bequest from its primary liability for debts and general legacies, yet the court said this: "In the administration of testate estates the personal property is the primary fund for the payment of debts and general legacies, unless a contrary intention on the part of the testator satisfactorily appears." In the instant case, the will directs the executor to pay his just debts and funeral expenses, but a reading of the language of the will does not indicate any intention to create a specific legacy in favor of the legatees of the personal property, other than the general language bequeathing all his personal property to Isabel, Mazie and John J. Lawless, share and share alike.

 While this case has some reference to the state inheritance tax, by reason of the allowance made on the Federal estate tax, the real matter involved in the case is the payment and from whom, of the Federal estate tax. The character of the two taxes must be

clearly distinguished. The Illinois inheritance tax is imposed upon the beneficiaries, and is a charge against those beneficiaries. First Nat. Bank of Chicago v. Hart, 383 Ill. 489; People ex rel. George v. Nelms, 241 Ill. 571. The property, whether real or personal, received by such a beneficiary in Illinois, is subject to a tax imposed against that beneficiary. This is not a rule of apportionment, but a specific tax against the beneficiary. The Federal tax is entirely different. Federal estate tax is not a tax on property but privilege of transfer. Hepburn v. Winthrop, 83 F.2d 566. The Federal estate tax is a tax on the right to transmit property from the dead to the living. Mayer v. Reinecke, 28 F. Supp. 334. The event that gives rise to the transfer tax is the death of the deceased, with the resulting transfer of his estate by will or intestacy law. Helvering v. St. Louis Union Trust Co., 296 U. S. 39. Provisions of Estate Tax Act merely exact tax upon transfers at death and do not attempt to control method of disposition of estates of deceased persons, but leave that to the states. Heitsch v. Kavanaugh, 345 U. S. 939. Burden of Federal estate tax falls directly upon the *corpus* of the estate. First Nat. Bank of Chicago v. Hart, 383 Ill. 489. The Federal estate tax is a tax upon the estate as a whole and is payable by the executors. Rogan v. Taylor, C. C. A. Cal. 1943, 136 F.2d 598. The Federal estate tax is not a "direct tax" upon property, nor is it in a strict sense a tax upon a transfer of property by the death of the decedent, but it is an "excise tax" upon the happening of an event, namely, death, where the death brings about certain described changes in legal relationships affecting property and the value of the property affected is merely used as a factor in measurement of the tax. Chickering v. Commissioner of Internal Revenue, C. C. A. 1941, 118 F.2d 254. The Federal estate tax is imposed upon the property transferred by death as

488

a whole, while the Illinois inheritance tax is a tax imposed upon the individual beneficiary, based upon the interest received.

■ The Federal Estate Tax Act and the cases involving it, make no attempt to apportion the payment of the tax, but leave that to the individual states. Some states have passed an apportionment tax but Illinois has no such statute. In the absence of contrary testamentary direction, or of local statute on the subject, Federal estate tax held payable only out of personalty in residue, without any right of partial reimbursement out of realty in residue. Hepburn v. Winthrop, 83 F.2d 566. In the absence of statutory direction of apportionment, the will of Felix M. Lawless must be examined to determine if there was any testamentary direction that would govern. The will itself provides for the payment of just debts and funeral expenses. The third clause of the will gives, devises and bequeaths all the personal property to the three, nieces and nephew, namely Isabel, Mazie and John J. Lawless. Was this a specific bequest which would exempt the personal property from the payment of debts, expenses and the estate tax?

■ ■ A specific bequest has been defined as a particular thing which the testator intends the donee to have, no regard being had to its value. Baker v. Baker, 319 Ill. 320; In re Estate of Betts, 2 Ill.App.2d 453. And the court in the Baker v. Baker case says: "It is immaterial whether the property given is described as being part of the testator's estate at the time of making the will, but to be a specific legacy it is essential that the property be owned by the testator at the time of his death and that it be so described that it can be distinguished from the rest of his estate." In the case of In re Estate of Riddel, 247 Ill. App. 175, discussing this question, the court quoted Schouler on Wills, 5th Ed., as follows: "The bequest of all one's personal

estate, or the devise and bequest of all the residue, both personal and real, cannot be treated as specific; but such a disposition, from its own terms, is general and residuary, and subject to the usual payment and satisfaction of debts and legacies." And the court in that case, continuing, said: "It is a general rule that the personal estate shall be primarily applied in discharge of the personal debts, but a testator may by appropriate expression give it immunity over the real estate; and, as said in McCullom v. Chidester, 63 Ill. 477, 'The exemption may be manifested by plain intention or by making of the personalty a specific legacy.' Reid v. Corrigan, 143 Ill. 402."

In the light of these cases, this court must hold that the bequest of the personal property was a general and not a specific bequest. There is nothing in the will to indicate a testamentary disposition on the part of the testator to direct the manner of paying the Federal estate tax. It must necessarily rest upon the rules of law laid down by our courts for the payment of such a tax.

In the case of First Nat. Bank of Chicago v. Hart, 383 Ill. 489, the court said: "It is sufficient to observe, however, that this state has no provision in its laws relating to the incidence of the burden of Federal estate tax and it must therefore fall directly upon the *corpus* of the estate and be considered an item of expense, such as debts, funeral expenses, and the like. The fact that inheritance taxes are allowed as a credit on Federal estate taxes, does not alter the situation with respect to the nature and effect of the two taxes." And in the case of People v. McCormick, 327 Ill. 547, at page 561, the court there said: "In People v. Pasfield, 284 Ill. 450, and People v. Northern Trust Co., 289 id. 475, this court considered the question whether the Federal estate tax should be deducted before computing the State tax, and it was there held that the

490

Federal tax was an expense of administration . . . A Federal estate tax has been declared by this court in cases referred to, to be a charge of administration." This was affirmed in Northern Trust Co. v. Wilson, 344 Ill. App. 508.

In the case of First Nat. Bank of Chicago v. Hart, 383 Ill. 489, it was said: "In the absence of statutory enactment directing otherwise, the Federal tax must be considered as a charge against the whole of the estate and not against the individual shares (Riggs v. Del Drago, 317 U. S. 95), unless otherwise specifically directed by the testator. (Young Men's Christian Association v. Davis, 264 U. S. 47, 68 L. ed. 558.)"

■ There is a great amount of authority in this State to the effect that the personal estate is primarily chargeable with the payment of debts and costs of administration before the real estate can be charged with or sold for the payment of any part thereof. This same rule applies to both intestate or testate estates, unless, in the latter case, a contrary intention appears from the will. Baker v. Baker, 319 Ill. 320; In re Estate of Brown, 293 Ill. App. 373; Sutherland v. Harrison, 86 Ill. 363; Suiter v. Suiter, 311 Ill. App. 618; Diversey v. Johnson, 93 Ill. 547. There are numerous other cases in Illinois on this matter, but these are sufficient for this opinion.

■ In the absence of statutory direction, and because we hold that the bequest of the personal property to Isabel, Mazie and John J. Lawless was a general bequest and not a specific bequest, and since our courts have held that the Federal estate tax is an item of expense of the estate, such as debts, funeral expenses and the like, the judgment of the Circuit Court must be affirmed.

The changing of the Federal laws and the imposition of higher estate taxes, would not affect the general law of Illinois imposing the primary burden, in

491

the absence of testamentary direction sufficient to create a specific bequest, upon the personal property. The amount to be paid or any inequity between the heirs does not change this law. Our courts have in certain cases invoked the doctrine of equitable contribution, but no case has been cited that would affect the situation here.

This court feels that the order dismissing Count IV of the complaint was correct and should be affirmed.

Affirmed.

CARROLL, P. J. and ROETH, J., concur.