In the Matter of the Estate of William F. Lausterer, Deceased.

Anna R. Lausterer Brown, Executor of the Estate of William F. Lausterer, Deceased, Plaintiff-Appellant, v. Anna R. Lausterer Brown, Catherine Benjamin, Fred J. Lausterer, Franklin R. Lausterer, Duane Lausterer, Karen Vanarsdale, Benny Lausterer, Mary Lausterer, Sharon Lausterer, Defendants-Appellees.

Gen. No. 10,355.

Third District.

May 16, 1961.

Rehearing denied June 15, 1961.

William J. Bach, of Bloomington (William J. Bach & Keith E. Fry, of counsel), for appellant.

Kaywin Kennedy, of Bloomington, for appellees, Fred J. Lausterer, Franklin R. Lausterer, Duane Lausterer, Karen Vanarsdale and Benny Lausterer. Costigan, Wollrab & Yoder, of Bloomington (Fred W. Wollrab, of counsel), for appellee, Catherine Benjamin. Richard T. Dunn, of Bloomington, guardian ad litem for Mary Lausterer and Sharon Lausterer, minors, and Keith E. Campbell, of Bloomington, guardian ad litem for persons not in being.

CARROLL, PRESIDING JUSTICE.

William F. Lausterer died August 27, 1958, at the age of 95 years. Subsequently, his Will, dated April 29, 1949, was admitted to probate and Anna R. Lausterer Brown, plaintiff in this proceeding, was appointed executor without bond. The deceased left him surviving, 4 children; namely, Anna R. Lausterer, who has since married and is now Anna R. Lausterer Brown, Franklin R. Lausterer, Fred J. Lausterer and Catherine Benjamin.

The first clause of the Will is as follows:

(1) I give to my daughter, Anna R. Lausterer, all of my personal property of which I may die seized and possessed, absolutely, on condition that she is to pay all of my just debts, funeral expenses, costs of administration, Federal Estate Taxes, Income Taxes, General Taxes, and all doctor bills, and shall care for me, as she has done, for the rest of my life.

In succeeding clauses of the Will, the testator devised his real estate consisting of 4 farms to his children.

Under Clause 2 Anna was given a 120 acre tract and in separate clauses the other 3 children were likewise each given a farm.

Plaintiff initiated this proceeding by filing a petition in the Probate Court of McLean County under Section 225 of the Probate Act (Chap. 3, Ill. Rev. Stat., 1959) praying leave to mortgage or in the alternative, to sell the three tracts of land which were devised to Franklin, Catherine and Fred to pay the debts of the estate. Accompanying the petition, she filed a verified statement of the condition of decedent's estate. This statement shows personal property received by the executor in the amount of $18,822.99 and disbursements of $5,556.98. Listed as other liabilities are federal and state taxes of $5,090.75 and executor's commission and attorney's fees and costs of $7,000.00. The total deficiency of personal assets as shown by the statement was $47,635.74.

The petition recites that the only legacy provided in the Will of the testator was a bequest of all personal property to the petitioner personally; that said personal property is charged with the payment of all debts of the estate and that the petitioner proposes to apply all monies on hand and all personal property upon costs of administration and taxes to the extent that the same may be paid with funds on hand; that petitioner, as devisee of certain real estate is willing to pay the executor a sum of money equal to ¼ of the amount of the deficiency in order to avoid the sale or mortgage of the lands devised to her; that none of the defendants are willing to pay any money to meet the indebtedness of the estate and it is necessary for the petitioner to either sell or mortgage part or all of the real estate devised in the Will. Defendants answered the petition denying that the personal property bequeathed to the petitioner is charged with payment of the debts of the estate, denying peti-

403

tioner's right to apply money on hand to payment of costs of administration or taxes and further denying that the estate is liable for the debts, funeral expenses and other items, as set out in the petition. Upon a hearing, the Probate Court entered an order denying and dismissing the petition. An appeal from such order to the Supreme Court was held to have been wrongfully taken and the cause was transferred to this Court.

It is plaintiff's contention that there is a deficiency of personal estate to pay debts and expenses of administration and the Probate Court should therefore have ordered the sale or mortgage of part of the real estate. It is further contended that the Probate Court exceeded its jurisdiction in undertaking to construe the Will and that its construction thereof was erroneous.

During the progress of the hearing on the petition, certain of the defendants filed exceptions to the executor's inventory and a counterclaim against the executor alleging that among other items, United States Bonds of the face value of $61,600 had not been inventoried, and that $32,498.12 in money and certain chattels were not accounted for by the executor and praying a citation to discover assets. The Court denied the citation and apparently it was stipulated by the parties that the issues raised by the exceptions would stand as an affirmative defense.

The record indicates that practically all of the evidence introduced on the hearing pertained to the question of whether the items specified in defendant's exceptions and counterclaim constituted assets of the estate and as such should have been inventoried. With reference to the government bonds, it appears to be undisputed that both prior to and after the execution of his Will, the testator purchased federal savings bonds, Series E in the amount of $61,600; that the bonds were registered as follows: "$12,900 in

the name of William F. Lausterer, P.O.D. Anna R. Lausterer", "$40,700 in the name of William F. Lausterer or Anna R. Lausterer", "$8,000 in the name of Anna R. Lausterer"; that all of the bonds were purchased with the testator's funds; that when the testator died the bonds were all in Anna's safety deposit box; and that they had been placed there at the testator's direction. It further appears from the evidence that all of the personal property at the time of his death, although the amount thereof was in controversy, came into the hands of Anna R. Lausterer; and that she took and remained in possession of all the government bonds which the testator had purchased. It appears to have been conceded that plaintiff fully complied with that part of the condition of Clause 1 of the Will, requiring her to care for the testator for the rest of his life. Because of the conclusion reached, we think further detailing of the evidence is unnecessary.

The Probate Act provides that where there is insufficient personal estate to pay expenses of administration, costs and claims against the estate, an executor or administrator may by leave of Court sell or mortgage the decedent's real estate for the purpose of meeting estate obligations (Sec. 225, Chap. 3, Ill. Rev. Stat. 1959). The question raised by this appeal is whether under the Will of William F. Lausterer, deceased, the debt items, which it is alleged in the petition create a deficiency of personal estate, are debts or claims for which the estate is liable. In the first clause of his Will, the testator disposed of all his personal property by making a bequest thereof to his daughter, Anna R. Lausterer, whom he also named as executor. In the second clause, he devised a farm to Anna in this language:

I also give to my daughter, Anna R. Lausterer, the North Half of the Southwest Quarter and the

405

Southwest Quarter of the Southwest Quarter of Section 32, Township 24 North, Range 4 East of the Third Principal Meridian, also known as Blue Mound Township McLean County, Illinois, to have and to hold in fee simple absolute.

In succeeding clauses, he devised a farm each to his daughter, Catherine, and his sons, Fred and Franklin. The Will contains no residuary clause. Obviously the testator deemed such a clause unnecessary because the bequest to Anna in the first clause included all of the testator's property except the 4 farms.

The bequest made to Anna by the first clause was not the personal estate of the testator remaining after the payment of his debts, but was all the personal property which he owned at the time of his death. The language of Clause 1 is simple and unambiguous and construction thereof is unnecessary. It states that all of the testator's property is given to Anna upon condition that she pay all of his debts including funeral and doctor bills and certain other specified items chargeable to his estate. Such bequest does not make these debts a charge upon the personal property. Acceptance of the bequest upon the condition imposed rendered payment of testator's debts the obligation of the legatee.

The petition made no mention of the condition attached to the legacy in the first clause of the Will, but merely represented to the Probate Court that there was a deficiency of personal assets in the hands of the executor to meet administration expenses and the debts of the estate.

It seems apparent from the language of Clause 1 of the Will that if Anna, as legatee thereunder, accepted the legacy of all decedent's personal property upon the condition attached thereto, then there would be no assets to come into the hands of the executor. The items which it is alleged created a deficiency of per-

sonal assets are taxes and costs of administration. The bequest made by Clause 1 of the Will was on the express condition that the legatee therein pay these debts. By specific enumeration of the same, the testator seems to have foreclosed the raising of any question as to whether taxes and costs were to be included as a part of the debts of the estate.

█ It is the well established rule that personal property is primarily chargeable with debts and costs of administration before real estate can be charged with or sold for the payment of any part thereof. This rule applies both to intestate and testate estates, unless in the latter case a contrary intention appears from the Will. Lawless v. Lawless, 17 Ill.App.2d 481, 150 N.E.2d 646. Where such contrary intention is clearly apparent, it cannot be ignored.

█ Basically the question confronting the Probate Court was whether it was the intention of the testator to shift the burden of satisfying the obligations of his estate to Anna R. Lausterer. From the language used his intention in that respect appears to have been made expressly manifest. Under Clause 1, Anna R. Lausterer was not bequeathed the personal estate remaining after the payment of debts and claims but was given all of such property on condition that she pay the estate debts. It is thus obvious that it was the intention of the testator to place the responsibility for payment of his debts upon Anna R. Lausterer, personally. A contrary conclusion can be reached only by ignoring the testator's expressed intention.

Plaintiff argues that the Probate Court in determining the issue in the case undertook to construe the Will and in so doing exceeded its jurisdiction. As previously pointed out, the Will required no construction. In the order appealed from the Court denied and dismissed the petition. Its findings merely recite the provisions of the Will and contain no suggestion

407

that the language employed by the testator is capable of more than one meaning.

■ The amount of personal property received by the legatee under Clause 1 is immaterial. The petition was filed by the executor and not by the legatee named in clause 1. It does not allege that the latter has elected to reject the provisions made for her in the Will. Absent such a showing there appears to be no basis for the executor's conclusion that there was a deficiency of personal estate to meet the testator's debts. The fact that the legatee and the executor were the same person is of no significance. It is apparent that the executor has proceeded upon the theory that she, as legatee, may accept the benefits accruing to her under the Will but refuse to shoulder the burdens which such acceptance entails. However, the law does not permit her such a choice. She must accept the instrument in its entirety or not at all. Alward v. Woodard, 315 Ill. 150, 146 N.E. 154.

From our examination of the record, we are satisfied that the petitioner failed to establish that there was insufficient personal estate to pay the debts and costs of administration. Accordingly the order of the Probate Court will be affirmed.

Affirmed.

REYNOLDS and ROETH, JJ., concur.